UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JERMAINE FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04040-JPH-MPB |
| | ) | |
| MYERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Dismissing Insufficient Claims, and
Directing Service of Process**

Plaintiff Jermaine Ford, at relevant times a pretrial detainee at the Bartholomew County Jail, filed this action pursuant to 42 U.S.C. § 1983. Because Mr. Ford is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Ford are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

The complaint names two defendants: (1) Sheriff Matt Myers, and (2) R.N. Holly Calhoun. Mr. Ford seeks compensatory damages and injunctive relief.

Mr. Ford alleges he was in a car accident on April 22, 2018, that caused serious injuries to his back. Before his incarceration, Mr. Ford was under the care of chiropractor David White, who advised him that he needed to wear special shoes to compensate for the difference in the length of his legs as a result of the accident. Mr. Ford was arrested and incarcerated in April 2019. He alleges that Nurse Calhoun provided him with a double mat for him to sleep on, but she did not allow him to wear his personal shoes or provide medication recommended by Dr. White. He alleges his pain has increased as a result. Mr. Ford alleges that Nurse Calhoun's poor treatment demonstrated deliberate indifference, an equal protection violation, and a violation of due process.

Mr. Ford alleges that Sheriff Matt Myers exhibited "deliberate indifference to the obvious need for training and having an unconstitutional policy that was a direct injury to the plaintiff by R.N. Holly Calhoun from a failure to train." Mr. Ford does not include any facts describing Mr. Myers' involvement in his medical treatment.

## III. Discussion of Claims

Mr. Ford's deliberate indifference and due process claims against Nurse Calhoun **shall proceed** as a claim that she violated his rights under the Fourteenth Amendment. This is because Mr. Ford's constitutional rights as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, which is applicable to convicted

prisoners. *See, e.g., Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S. Ct. 2466, 2475 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. Aug. 10, 2018) (applying objective unreasonableness inquiry to pretrial detainee's medical care claim).

Mr. Ford's equal protection claim is **dismissed**. Mr. Ford includes no factual allegation to support an equal protection claim. "A pleading that offers labels and conclusion" or only "naked assertion[s] devoid of further factual enhancement" is insufficient to state a claim; "mere conclusory statements [] do not suffice." *Iqbal*, 556 U.S. at 678.

Any claim against Sheriff Myers is **dismissed**. Mr. Ford's only allegation against Sheriff Myers is that his injuries are the result of Myers's failure to train Nurse Calhoun and an unexplained "unconstitutional policy that was a direct injury to the plaintiff." But "[l]iability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (citations omitted). And although "[s]upervisors may be liable under § 1983 for a failure to train, … the circumstances are extremely limited. Negligence, or a 'should have known' standard, is not enough. Rather, the plaintiff must [allege] that the defendant knew that his failure to train was likely to lead to constitutional violations." *Ghashiyah v. Frank*, No. 07-C-308-C, 2007 WL 5517455, at *2 (W.D. Wis. Aug. 1, 2007) (citing *Kitzman–Kelley v. Warner*, 203 F.3d 454, 459 (7th Cir. 2000), and *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)). Such factual allegations are absent from the complaint.

This summary of claims includes all claims identified by the Court. If Mr. Ford believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 20, 2020,** in which to identify those claims.

## IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to **issue process** to defendant R.N. Holly Calhoun in the manner specified by Rule 4(d) and to **terminate** Sheriff Myers as a defendant. Process shall consist of the complaint filed on September 26, 2019, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**SO ORDERED.**

Date: 2/26/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JERMAINE FORD
185444
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

R.N. Holly Calhoun
BARTHOLOMEW COUNTY JAIL
543 Second Street
Columbus, IN 47201