UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JERMAINE FORD,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )          No. 1:19-cv-04040-JPH-MPB
                                        )
HOLLY CALHOUN RN,                       )
                                        )
                    Defendant.          )

**Order Granting Motion for Summary Judgment**

Plaintiff Jermaine Ford, an Indiana inmate, brought this lawsuit pursuant to 42 U.S.C. § 1983 alleging that when he was confined at the Bartholomew County Jail, he received inadequate medical care. Dkt. 16. The defendant has moved for summary judgment arguing that Mr. Ford failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before he filed this lawsuit. For the following reasons, the motion for summary judgment is **granted**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018).

## II. Facts

The following statement of facts has been evaluated pursuant to the standards set forth above. The facts are considered to be undisputed except as noted otherwise.[1]

Mr. Ford was an inmate at the Bartholomew County Jail from May 1, 2018, to May 24, 2018, and again from April 19, 2019, to January 10, 2020. *See* dkt. 36-1 at 2 ¶ 4. According to his complaint, Mr. Ford was in a car accident in April 2018 and sustained various injuries. Dkt. 1 at 2. When he was not incarcerated, he was treated by chiropractor David White who prescribed special shoes to compensate for one leg being shorter than the other because of the accident. *Id.* Mr. Ford alleges that Nurse Calhoun did not allow Mr. Ford to have the shoes prescribed by Mr. White or medications in his personal property, resulting in pain. *Id.* at 2–3.

The Bartholomew County Jail has an inmate grievance procedure, which is set forth in the Inmate Handbook. Dkt. 36-1 at 1, ¶ 3. Grievance forms are available to inmates on the medication cart. Dkt. 36-1 at 2, ¶ 3. The grievance policy states: "Any and all complaints or grievances concerning the jail's condition, functions, or staff, will be forwarded to the administrative staff of the jail." Dkt. 36-1 at 5. Under the grievance procedure, a grievance must

---

[1] The defendant alleges that Mr. Ford failed to submit evidence in his response opposing summary judgment and that, therefore, the Court should consider the defendant's evidence to be undisputed. Dkt. 45 at 2–3. In Mr. Ford's response, dkt. 43, he refers to his affidavit, *see e.g. id.* at 3–4, but did not file an affidavit. After the defendant filed her reply, Mr. Ford submitted an affidavit, dkt. 46, stating the affidavit was supposed to be filed with his reply but the prison failed to copy and e-file the affidavit, dkt. 46-1. The Court accepts Mr. Ford's representation and considers his affidavit as evidence.

be submitted within 72 hours of the occurrence. *Id.* An inmate can appeal to the jail commander if unsatisfied with the response to the grievance. *Id.*

Upon being booked into the jail, Mr. Ford completed an intake checklist and signed an acknowledgement that stated, "I have read and understand the Jail Rules." *Id.* at 8. Mr. Ford testified that during his intake, he was not provided a copy of the inmate handbook, nor did any of the officers explain any jail rules. Dkt. 46 at 1. However, Mr. Ford acknowledges that he was advised of the grievance process once he entered the cellblock. *Id.*

Mr. Ford submitted a total of 13 grievances between April 19, 2019, and September 29, 2019. Dkt. 36-1 at 11–23. None concerned the alleged failure to provide medications or shoes prescribed by his chiropractor. *Id.*

Mr. Ford highlighted three of the grievances that he contends demonstrate exhaustion. The first grievance, submitted on May 24, 2019, stated:

> Before I left, I had 2 matts because of my injury to my back do to the accident I had. Where is the legal mail they cant find all of a sudden. I just want my legal mail and my commussary that was never reinburst. My medical problems should be on file as well. Thank you for your time.

Dkt. 35 at 3 (errors in original). The response was that Mr. Ford had told staff that he received a copy of his medical paperwork and that he should forward the paperwork to medical. *Id.* The second, also from May 24, alleged that when he returned from federal prison his personal belongings, including legal mail, were not returned to him. *Id.* at 5. It also alleged that he purchased commissary which he never received. There is a notation at the bottom of the grievance stating, "continue on the next page…," *id.*, but there was no second page or writing on the back of the grievance, dkt. 36-1 at 2, ¶ 5.

The third grievance, submitted on June 2, 2019, stated:

> My commissary and my legal mail. I left on a writ to the federal prison and I just order a $50.00 commissary order before I left. When I got back from my writ I didn't receive my commissary nor did I receive my legal mail. I would like to have my things. They belong to me. This is my second grievance about this situation. I've also wrote Matt Myers about this situation and still haven't heard nothing. I would like to have my things. Thank you!

*Id.* at 4; dkt. 36-1 at 18. The response indicated that he received the commissary order on June 19. Dkt. 36-1 at 18. Of the remaining grievances, one asked for reimbursement for medication that Mr. Ford had been prescribed while in federal prison because he did not need the medication, and the others concerned non-medical issues. *Id.* at 11, 14–17, 19–23.

At the jail, inmates can submit requests, including requests for medical care, through an electronic kiosk. Dkt. 36-1 at 3, ¶ 6. There are records of multiple kiosk exchanges between Mr. Ford, medical staff, and others regarding efforts to obtain records from Mr. Ford's chiropractor so that he could receive permission to wear his prescribed shoes. *Id.* at 24–54. But requests sent through the kiosk are not grievances and are not reviewed as part of the grievance process. *Id.* at 3, ¶ 7. If an inmate is unsatisfied with the response received on the kiosk, jail administration will not know of the inmate's dissatisfaction unless and until the inmate submits a grievance. *Id.*

### III. Discussion

The defendants seek summary judgment arguing that that Mr. Ford failed to exhaust his available administrative remedies before filing this lawsuit as required by the PLRA.

### A. PLRA Requirements

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Id.* at 532 (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90–91 (2006) (footnote omitted); *see also Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) ("'To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Thus, "to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

### B. Mr. Ford's Use of the Grievance Process

The grievances Mr. Ford submitted to show he exhausted his administrative remedies, *see* dkt. 35, failed to advise jail administrators that he was dissatisfied with his medical treatment. The level of detail necessary in a grievance will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton*, 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) (". . . prisoners must only put responsible persons on notice about the conditions about which they are complaining."). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650. Mr. Ford's May 24 and June 2 grievances concerned the jail's failure to return paperwork and his commissary order. Although one of Mr. Ford's May 24 grievances stated that he had previously been given two

mats because of his accident, his demand in the grievance was for his legal mail and commissary reimbursement. Dkt. 35 at 3. That grievance also stated, "My medical problem should be on file as well." *Id.* Jail staff responded that Mr. Ford should submit the copy of the medical paperwork in his possession to the medical unit. *Id.* Although the reference to his accident and medical paperwork is tangentially related to his medical care, the grievance did not put jail administrators on notice that he was dissatisfied with his medical care. And although Mr. Ford explained the need for his orthotic shoes in his kiosk messages, communication via the kiosk does not satisfy the grievance process.

It is the defendants' burden to establish that the administrative process was available. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). The defendant has met her burden of proving that the administrative process was available to Mr. Ford and he did not use it. Mr. Ford's assertion that he was unaware of the grievance process is belied by 1) his statement in his affidavit that other inmates informed him of the process, and 2) the thirteen grievances he filed while incarcerated.

### IV. Conclusion

The defendant has demonstrated that Mr. Ford failed to exhaust the administrative remedies available to him before filing this lawsuit. Under § 1997e(a), this action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

The defendant's motion for summary judgment, dkt. [32], is **granted**. This action is **dismissed without prejudice**.

Final judgment shall now issue.

6

**SO ORDERED.**

Date: 3/16/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JERMAINE FORD
185444
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Rosemary L. Borek
STEPHENSON MOROW & SEMLER
rborek@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com